UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMIE KNORR,

    Plaintiff,

v.                                        CASE NO. 8:20-CV-01813-WFJ-JSS

THE STANDARD FIRE
INSURANCE COMPANY,
a foreign profit corporation,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand. Dkt. 9. Plaintiff, Amie Knorr, argues this case should be remanded to state court because it qualifies as a "direct action" under 28 U.S.C. § 1332(c)(1), thereby destroying complete diversity. Defendant, Standard Fire Insurance Co., filed a response opposing the motion. Dkt. 15. With the benefit of full briefing, the Court denies Plaintiff's Motion to Remand and finds it has subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332.

## BACKGROUND

This lawsuit arises out of injuries Plaintiff allegedly sustained through a single-vehicle automobile accident on September 4, 2017. Dkt. 1-1 at 2. Plaintiff, a Florida resident, filed suit in Florida state court on February 6, 2020. Dkt. 1.

Importantly, Plaintiff originally sued three defendants: (1) James Wicht, the owner of the car; (2) Marla Winn-Wicht, the driver of the car during the accident; and (3) Standard Fire Insurance Co. Dkt. 1 at 3. James Wicht and Marla Winn-Wicht are insured under a policy with Defendant. Dkt. 9 at 5. Plaintiff later dismissed James Wicht and Marla Winn-Wicht with prejudice, releasing them of all claims. Dkt. 1-3 at 18. Plaintiff then filed an amended complaint naming Standard Fire as the only defendant. *Id.* at 19-24.

The amended complaint includes two counts. *Id.* First, Plaintiff alleged Defendant breached the underlying insurance contract by failing to timely and fully compensate Plaintiff for her personal injuries. *Id.* Second, Plaintiff alleged Defendant breached its duty of good faith and fair dealing by refusing to settle her claim in a timely manner. *Id.*

Defendant removed the case to this Court on August 5, 2020. Dkt. 1. In its Notice of Removal, Defendant indicated it is a citizen of Connecticut, and Plaintiff is a citizen of Florida. Dkt. 1 at 3. Defendant argued there was complete diversity in the case now that James Wicht and Marla Winn-Wicht—both Florida residents—were no longer defendants. Dkt. 1 at 2. Plaintiff filed a Motion to Remand, arguing the direct action provision of 28 U.S.C. § 1332(c)(1) defeated

complete diversity.[1] Dkt. 9 at 3-6. The parties do not dispute that the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332. Dkts. 1, 9. Therefore, as the requirements for diversity jurisdiction have otherwise been met, the controversy over the Court's jurisdiction turns on a single issue of law: whether this case is a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1).

## LEGAL STANDARD

Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when the amount in controversary exceeds $75,000 and there is complete diversity between the plaintiffs and the defendants. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In order to achieve complete diversity, no plaintiff may be a citizen of the same state as any of the defendants. *Id.*

For diversity purposes, a corporation is a citizen of (1) its state of incorporation, and (2) the state where it has its principal place of business. 28

---

[1] Plaintiff offered two additional arguments in her Motion to Remand. Dkt. 9. First, she argued Defendant failed to specify whether it was a corporation in its Notice of Removal when it identified itself as a "*company* organized under the laws of the State of Connecticut." Dkt. 9 at 6. Defendant later offered the affidavit testimony of cooperate secretary Wendy C. Skjerven to establish that it is a Connecticut corporation with a principal place of business in Connecticut. Dkt. 15-1. The Court finds that this affidavit sufficiently identifies Defendant as a citizen of Connecticut for the purposes of discussing diversity of citizenship. *See Biggin v. RLI Ins. Co.*, 6:06-CV-104-ORL19KRS, 2006 WL 462669, at *2 (M.D. Fla. Feb. 27, 2006) (relying on affidavit testimony regarding a party's citizenship to determine if the case was a direct action). Second, Plaintiff argued the case should be remanded because Defendant failed to upload documents from the state court proceedings as required by Local Rule 4.02(b). Dkt. 9 at 7. Defendant has now uploaded the documents that Plaintiff complained were missing. Dkt. 6. Accordingly, the Court will not remand the case on this ground. *See Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) (holding that any failure to file state court papers with a notice of removal "may be remedied").

U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its nerve center, *i.e.* "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (establishing the "nerve center" test as the uniform approach for determining corporate citizenship).

The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Accordingly, the removing party must present facts establishing its right to remove. *Id.* When the removing party fails to do so, the case must be remanded. *Id.* at 1321.

## DISCUSSION

Plaintiff argues complete diversity is defeated by the direct action provision in 28 U.S.C. § 1332(c)(1).[2] Dkt. 9. That provision states, in relevant part:

> (c) For the purposes of this section and section 1441 of this title-
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen*, as well as of any State by which the insurer has

---

[2] Plaintiff argues only that the breach-of-contract claim is a direct action. Dkt. 9. Plaintiff does not assert that the claim for bad faith is a direct action. Dkt. 9 at 4; *see also Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985) (holding that bad faith claims are not direct actions).

been incorporated and of the State where it has its principal place of business[.]

28 U.S.C. § 1332(c)(1) (emphasis added).

Here, Plaintiff is a citizen of Florida. Dkt. 9 at 6. Defendant is an insurer, and its insureds (Florida residents James Wicht and Marla Winn-Wicht) are not joined in this action as party-defendants. *Id.* at 5; Dkt. at 19-24. Thus, if this case is a "direct action," the Florida citizenship of the insureds will be imputed to Defendant, thereby destroying complete diversity. At issue, then, is the meaning of the term "direct action."

Direct actions are defined as cases where a party suffering damage for which another is legally responsible is entitled to sue the other's insurer without joining the insured as a defendant or first obtaining a judgment against him.[3] *Fortson*, 751 F.2d at 1159. An action is a direct action only when the cause of action against the insurer is "of such a nature that the liability sought to be imposed could be imposed against the insured." *Id.*; *see also City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1315 (11th Cir. 2012) (holding that direct actions involve claims that can be brought against insureds individually). An action is not a direct action if it is based on the insurer's duty, rather than the insured's duty. *Jennings Const. Serv.*

---

[3] Congress enacted the direct action provision "in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse." *Fortson*, 751 F.2d at 1159.

*Corp. v. Ace Am. Ins. Co.*, 6:10-CV-1671-ORL-28, 2011 WL 1357689, at *2 (M.D. Fla. Mar. 16, 2011), *report and recommendation adopted*, 2011 WL 1365020 (M.D. Fla. Apr. 11, 2011). "The general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer." *Bowers v. Cont'l Ins. Co.*, 753 F.2d 1574, 1576 (11th Cir. 1985).

Here, Plaintiff claims she is bringing the breach-of-contract claim as an insured under the policy. Dkt. 9 at 4-5. The law is clear that § 1332(c)(1)'s direct action provision does not apply to cases in which an insured brings an action against her insurer. *Id.; see also Jackson v. St. Jude Med. Neuromodulation Div.*, 2:14-CV-318-FTM-38CM, 2014 WL 4693237, at *2 (M.D. Fla. Sept. 22, 2014). Moreover, courts have repeatedly held that breach-of-contract actions are not direct actions. *See, e.g.*, *Biggin,* 2006 WL 462669, at *2-3; *Hoffecker v. Am. Auto. Ins. Co.*, 3:17-CV-359-J-32PDB, 2018 WL 636748, at *2 (M.D. Fla. Jan 31, 2018). The direct action exception is not triggered by claims over an insurer's failure to honor the terms of an insurance policy. *Bostick v. State Farm Mut. Auto. Ins. Co.*, 8:16-CV-1400-T-33AAS, 2016 WL 4009945, at *2 (M.D. Fla. July 27, 2016).

Accordingly, Defendant's citizenship is based solely on the state in which Defendant is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is a Connecticut corporation with its principal place of business in Connecticut. Dkt. 9 at 10; Dkt. 15-1. For diversity

purposes, this makes Defendant a citizen of Connecticut. Because Plaintiff is a citizen of Florida, the parties are completely diverse, and the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

## CONCLUSION

Plaintiff's Motion to Remand (Dkt. 9) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on September 2, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record